No. 22-14031-JJ
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT
_____

Michael J. Polelle,

*Plaintiff-Appellant*,

v.

Cord Byrd and Ron Turner,

*Defendants-Appellees*.

_____

Appeal from the United States District Court, M.D. Florida, Tampa Division

No. 8:22-cv-1301-SDM-AAS (Steven D. Merryday, J.)

**MOTION FOR THE LIBERTARIAN PARTY OF FLORIDA FOR LEAVE TO FILE A BRIEF OF AMICUS CURIAE IN SUPPORT OF PLAINTIFF-APPELLANT**
_____

                            Libertarian Party of Florida

                            /s/ CARL A. ANDERSON

                            Carl A. Anderson
                            Rock Spring Law Group, PLLC
                            1050 30th Street, NW
                            Washington, DC 20007
                            Tel: (202) 258-2776
                            caa@rockspringlaw.com

                            *Counsel for Amicus Curiae*

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to 11th Cir. R. 26.1-1, the following trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations are known to have an interest in the outcome of this case or appeal:

·  Libertarian Party of Florida

·  Bentley Goodrich Kison P.A.

·  Bentley, Morgan, Esq.

·  Byrd, Cord, Secretary of State

·  Chappell, David, Esq.

·  Davis, Ashley, Esq.

·  Florida Department of State

·  Gaillard, Ashley, Esq.

·  Merryday, Hon. Steven D.

·  McVay, Brad, Esq.

·  Polelle, Michael J.

- Sarasota County Supervisor of Elections Office

- Turner, Ron

- Wallace, David, Esq.

- Bradley R. Mc Vay, Esq.

- David Chappell, Esq.

- Coalition with a Purpose Party

- J. Damian Ortiz, Esq.

Respectfully submitted this July 5, 2023.

                                              Libertarian Party of Florida

                                              <u>/s/ CARL A. ANDERSON</u>

                                              Carl A. Anderson
                                              Rock Spring Law Group, PLLC
                                              1050 30th Street, NW
                                              Washington, DC 20007
                                              Tel: (202) 258-2776
                                              caa@rockspringlaw.com

                                              *Counsel for Amicus Curiae*

# CORPORATE DISCLOSURE

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, amicus curiae makes the following disclosures:

• For non-governmental corporate parties please list all parent corporations: None.

• For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock: None.

# 11TH CIR. R. 26-1 CERTIFICATION

Proposed amicus curiae has consent from Appellant to file this motion.

# MOTION FOR LEAVE TO FILE AMICUS BRIEF

Pursuant to Federal Rules of Appellate Procedure Rule 27, the Libertarian Party of Florida ("LPF" or "Amicus") moves the Court for leave to file an amicus curiae brief on behalf of itself in support of Appellant. Amicus is committed to a society built on the pillars of individual liberty and equality under the law, requiring the fair and efficient conduct of elections that respect the voting rights and civil rights of the citizens of Florida. Amicus has "sufficient interest" in the case, and its brief is "desirable" and discusses matters that are "relevant to the disposition of the case." *Neonatology Associates, P.A. v. C.I.R*, [293 F. 3d 128](#) n. 1 (3d Cir. 2002) (single judge opinion). "For all these reasons, I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." *Id.* at n.20 (*quoting* Circuit Judge Alito). In support of this motion, proposed amicus states:

1. LPF is the third-largest political party in Florida and has been officially recognized since 1987. It holds high-profile presidential nomination contests and primaries, runs candidates for public office at the federal, state, and local levels, and educates the public with respect to public policy. LPF is dedicated to promoting individual liberty as intended by the Founding Fathers who enshrined the principles of limited government in the United States and State Constitutions. As an amicus, or

"friend of the court," LPF has an interest in helping this Court protect liberty from arbitrary exercise of government power. *Georgia Aquarium v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015) (citing *In re Bayshore Ford Trucks Sales, Inc.,* 471 F.3d 1233, 1249 n.34 (11th Cir. 2006)). LPF offers a unique perspective that differs from both the Appellees, who represent government agencies, and the Appellant, who is politically unaffiliated. Courts typically grant amicus status when parties "contribute to the court's understanding of the matter in question" by proffering timely and useful information. *Id. at* 1289. (internal citations omitted).

2. As a statutorily recognized entity, LPF has enforceable rights that extend beyond those of its members. LPF represents not only its members but also itself. The exercise of these rights cannot be subject to arbitrary and capricious regulation or limitation by state action. LPF believes that its rights are inextricably linked to the proper recognition of individual voters and associational rights by the courts. Under the United States Constitution, individual voters and political parties have a right to act in accordance with their political beliefs, except where government restrictions have met the most demanding standards. As explained in the proposed brief, challenges to state election law do not require LPF as an indispensable party. Yet stating our "interest" in this case meets the requirements under Federal Rule of Appellate Procedure 29, as concluded in *American College of Obstetricians & Gynecologists v. Thornburgh*, 699 F.2d 644 (3rd Cir. 1983):

> [N]othing in that rule requires amici to have a "legally cognizable interest" in the matter. It only requires amici to state their "interest" in the case—along with "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). So I'm inclined to agree with Judge Higginbotham, who concluded in his dissent that there is "no justification" for denying leave due to amici's lack of "legally cognizable interest" anywhere "in our rules, our precedent or our longstanding practices." 699 F.2d at 645. See also id. ("Candidly, I am baffled by the majority's decision.").

3. LPF welcomes the opportunity to engage with any non-affiliated voters, regardless of their political beliefs. LPF believes that all voters' rights should not be restricted by state law. While Florida law requires a voter to register with the political party of the candidate of his or her choice to participate in a closed primary, it is ultimately the political party's right to make that decision under its right of association. The fundamental right of the Appellant to vote for the candidate of his choice is relevant to the political parties in Florida. Amicus thus has an interest in helping this Court perform its essential role in protecting liberty from arbitrary exercises of government power. It is in the Court's interest to avail itself of information not presented by either Appellant or Appellees by interested parties, regardless of timing. See *Smith v. Cobb County Bd. Of Elections and Registr.*, 314 F. Supp. 2d 1274, 1310 (N.D. Ga. 2002) (motion for leave by the Georgia Democratic Party to appear as an amicus curiae was granted in a redistricting case despite expedited hearing schedule "almost one month after the complaint was filed

in the *Smith* action and just three days before the hearing was scheduled to take place in the two actions.")

4. LPF asserts that Appellant's position follows both the United States and Florida's Constitutions. The district court erred when it held that Appellant lacked standing as a municipal taxpayer and voter and failed to state a claim on which relief could be granted. The Appellant claimed that the prohibition against him from voting in closed primaries because he is a "No Party Affiliated" voter is invidiously discriminatory.

5. Amicus seeks leave of the Court to file the brief attached as Exhibit 1 to this Motion to help the Court consider the review of the decision below. The proposed brief explains the *cumulative* undue burdens imposed by the *overall* scheme of electoral regulations upon the rights of voters and parties to associate through primary elections. These regulations restrict participation and competition without a *compelling* state interest. Voters are forced to choose between their political beliefs and associational rights when performing the repeated public act of changing their voter registrations to vote for their preferred candidates. At the same time, political parties are required to either retool or cease to exist, causing severe harm to the state's marketplace of ideas. The brief explains that the chilling effect discourages maximum voter participation–an important state interest.

6. "The decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the Court." *Resort Timeshare Resales, Inc. v. Stuart,* [764 F. Supp. 1495](#), 1500 (S.D.Fla. 1991); *Ellsworth Assocs., Inc. v. United States,* [917 F. Supp. 841](#), 846 (D.D.C. 1996). Timeliness of filing is not a factor considered by the courts when determining the usefulness of an amicus brief before disposition. Imposing a rule requiring timely filing would be burdensome and could harm the ability of newer political parties to participate as amici. These organizations, which are often run entirely by volunteers and have limited resources for seeking legal counsel, need time to retain a *pro bono* attorney who may also need to seek permission to appear *pro hac vice* under local rule 11th Cir. R. 46-4.

WHEREFORE, proposed amicus curiae respectfully requests that this Court grant this Motion and accept its brief for consideration.

July 5, 2023   Respectfully submitted,

Libertarian Party of Florida

/s/ CARL A. ANDERSON

Carl A. Anderson
Rock Spring Law Group, PLLC
1050 30th Street, NW
Washington, DC 20007
Tel: (202) 258-2776
caa@rockspringlaw.com

*Counsel for Amicus Curiae*

# CERTIFICATE OF COMPLIANCE
# WITH TYPE-VOLUME LIMITATIONS

I hereby certify that this motion complies with the type-volume limitations of Fed. R. App. P. 32(g)(1) and 27(d)(2)(A), because this motion contains 1170 words, excluding the parts of the motion exempted by, as counted by Microsoft® Word 2019, the word processing software used to prepare this brief.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because this motion has been prepared in a proportionally spaced typeface using Microsoft® Word 2019, Times New Roman, 14 point.

# **CERTIFICATE OF SERVICE**

I certify that on July 5, 2023, I electronically filed the foregoing MOTION FOR THE LIBERTARIAN PARTY OF FLORIDA, FOR LEAVE TO FILE A BRIEF OF AMICUS CURIAE IN SUPPORT OF PLAINTIFF-APPELLANT, with the Clerk of the Court using the CM/ECF system, which I understand will automatically send an email notification of such filing to the counsel of record for this matter.

/s/ CARL A. ANDERSON

Carl A. Anderson
Rock Spring Law Group, PLLC
1050 30th Street, NW
Washington, DC 20007
Tel: (202) 258-2776
caa@rockspringlaw.com

*Counsel for amicus curiae*