No. 22-14031-DD

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

MICHAEL J. POLELLE,
*Plaintiff-Appellant*,

v.

CORD BYRD, solely in his official capacity as
Florida Secretary of State,

And

RON TURNER, solely in his official capacity as
Supervisor of Elections for Sarasota County,
*Defendants-Appellees*.

Appeal from the United States District Court for the Middle District of Florida

No. 8:22-CV-1301-SDM-AAS

**APPELLEE RON TURNER'S RESPONSE IN OPPOSITION TO
LIBERTARIAN PARTY OF FLORIDA'S MOTION FOR LEAVE TO FILE A
BRIEF OF AMICUS CURIAE IN SUPPORT OF PLAINTIFF-APPELLANT**

David A. Wallace, Esq.
Florida Bar No. 0608386
Ashley E. Gaillard, Esq.
Florida Bar No. 1019208
Bentley Goodrich Kison P.A.
783 South Orange Avenue, Third Floor
Sarasota, FL 34236
Telephone (941) 556-9030
Attorneys for Appellee Ron Turner

# APPELLEE SUPERVISOR OF ELECTIONS RON TURNER'S FRAP 26.1 DISCLOSURES

Defendant-Appellee RON TURNER in his official capacity as Supervisor of Elections for Sarasota County (hereafter, "Supervisor"), by and through undersigned Counsel, pursuant to Federal Rule of Civil Procedure 26.1(a), states as follows:

I. The particular Judges, Attorneys, Persons, Associations of Persons, Firms, Partnerships or Corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, and any publicly held corporation that owns 10% or more of the party's stock and other identifiable legal entities related to a party are:

1. Bentley Goodrich Kison P.A.
2. Bentley, Morgan, Esq.
3. Byrd, Cord, Secretary of State
4. Chappell, David, Esq.
5. Davis, Ashley, Esq.
6. Florida Department of State
7. Gaillard, Ashley, Esq.
8. Merryday, Hon. Steven D.
9. McVay, Brad, Esq.
10. Polelle, Michael J.
11. Sarasota County Supervisor of Elections Office

12. Turner, Ron

13. Wallace, David, Esq.

14. Bradley R. McVay, Esq.

15. David Chappell, Esq.

16. Coalition with a Purpose Party

17. J. Damian Ortiz, Esq.

18. Libertarian Party of Florida

19. Carl A. Anderson, Esq.

II. No publicly traded company or corporation has an interest in the outcome of this appeal.

**APPELLEE RON TURNER'S RESPONSE IN OPPOSITION TO LIBERTARIAN PARTY OF FLORIDA'S MOTION FOR LEAVE TO FILE A BRIEF OF AMICUS CURIAE IN SUPPORT OF PLAINTIFF-APPELLANT**

Defendant-Appellee RON TURNER, in his capacity as Supervisor of Elections for Sarasota County ("Appellee" or "Turner") and pursuant to Rule 27 of the Federal Rules of Appellate Procedure, responds to LIBERTARIAN PARTY OF FLORIDA's Motion for the Libertarian Party of Florida for Leave to File a Brief of Amicus Curiae in Support of Plaintiff-Appellant ("Motion for Leave"), and states as follows:

**I. Summary**

LPF's Motion for Leave should be denied. First, it was filed over five months late and would result in undue prejudice to the Appellee. Importantly, LPF has not offered any adequate justification for its delay. Second, LPF's motion should be denied because LPF does not offer any unique perspectives that the parties have not already offered, nor does LPF allege any special interest in the issues that Appellant has not already alleged.

**II.   Argument**

1.   "An amicus curiae <u>must</u> file its brief, accompanied by a motion for filing when necessary, <u>no later than 7 days</u> after the principal brief of the party being supported is filed." Fed. R. App. P. 29(6) (emphasis added). Appellant filed his principal brief on January 23, 2023 (Docket 13); LPF's motion asserts that it is being filed "In Support of Plaintiff-Appellant." (Docket 30). Therefore, LPF was required to submit its Motion for Leave and proposed Amicus Brief "no later than" January 30, 2023. Fed. R. App. P. 29(6).

2.   LPF did not file its Motion for Leave and proposed Amicus Brief until July 5, 2023. (Docket 30). Notably, in the over five months that passed between the deadline to file a Motion for Leave and LPF's actual filing date, both Answer Briefs were filed on March 27, 2023 (Docket 17; Docket 18), and the Reply Brief was filed on April 27, 2023 (Docket 24). Still, LPF did not file their Motion for Leave and proposed Amicus Brief for another two months after the Reply Brief.

4

3. If a party fails to file their amicus brief within the time constraints of Federal Rule of Appellate Procedure 29(6), the court "may" grant leave to file untimely. *Id.* However, in this circumstance, the Motion for Leave was not filed just a few days or even a few weeks late, it was more than twenty-two weeks late, during which the two Answer Briefs and the Reply Brief were filed. Further, "failure to give adequate justification for any delay warrants denial of the motion." *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp 30, 32 (S.D. Fla. 1988) quoting *Eastern Kentucky Welfare Rights Organization, et al. v. Shultz*, No. 1378–71, slip op. (D.C. Cir. January 28, 1974) [1974 WL 506]. LPF provided no justification for its 5-month delay in filing, as is required under *News & Sun-Sentinel Co.* Rather, LPF mistakenly asserts that "[t]imeliness of filing is not a factor considered by courts when determining the usefulness of an amicus brief before disposition," (Docket 30, Page 9, ¶ 6), failing to recognize the black letter law laid out in Rule 29(6) of the Federal Rules of Appellate Procedure.

4. LPF broadly states that "a rule requiring timely filing would be burdensome and could harm the ability of newer political parties to participate as amici." *Id.* Of course, there *is* a rule requiring timely filing: Fed. R. App. P. 29(6). Moreover, and ironically so, LPF states that "LPF is the third-largest political party in Florida and has been officially recognized since 1987." (Docket 30, Page 5, ¶ 1). Therefore, LPF is not one of the "newer" political parties that they contend "could"

be harmed or burdened by a timely riling requirement or rule they believe should not be imposed.

5. LPF also states in its Motion for Leave, "[c]ourts typically grant amicus status when parties 'contribute to the court's understanding of the matter in question' by proffering *timely* and useful information." *Id.* (emphasis added). Again, the information being proffered by LPF is far from timely.

6. Finally, LPF's proposed *amicus* brief does not "contribute to the court's understanding of the matter in question." *Id.* The matter in question before this Court is limited to the issues on appeal: the lower court's granting of a motion to dismiss for lack of standing and failure to state a claim.

Based on the foregoing, Appellee RON TURNER respectfully requests this Court deny the Motion for the Libertarian Party of Florida to File a Brief of Amicus Curiae in Support of Plaintiff-Appellant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through the Court's CM/ECF system, served via electronic service on participants in the case registered as CM/ECF users, and served via U.S. Mail, postage prepaid, on Michael J. Polelle, 1102 Ben Franklin Drive, Unit 511, Sarasota, FL 34236, on this 12th day of July, 2023.

DAVID A. WALLACE, ESQ.
Florida Bar No. 0608386
dwallace@bgk.law
ASHLEY E. GAILLARD, ESQ.
Florida Bar No. 1019208
agaillard@bgk.law
783 South Orange Ave., Suite 300
Sarasota, Florida 34236
Telephone: (941) 556-9030
Attorneys for Appellee, Ron Turner

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

Dated: July 12, 2023

DAVID A. WALLACE, ESQ.
Florida Bar No. 0608386

dwallace@bgk.law  
ASHLEY E. GAILLARD, ESQ.  
Florida Bar No. 1019208  
agaillard@bgk.law  
783 South Orange Ave., Suite 300  
Sarasota, Florida 34236  
Telephone: (941) 556-9030  
Attorneys for Appellee, Ron Turner