No. 22-14031JJ

_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Michael J. Polelle,
*Plaintiff-Appellant*,

v.

Cord Byrd and Ron Turner,
*Defendants-Appellees*.

_____

Appeal from the United States District Court, M.D. Florida, Tampa Division

No. 8:22-cv-1301-SDM-AAS (Steven D. Merryday, J.)

***REPLY* TO APPELLEE, RON TURNER'S, RESPONSE IN OPPOSITION TO LIBERTARIAN PARTY OF FLORIDA'S MOTION FOR LEAVE TO FILE A BRIEF OF AMICUS CURIAE**

Libertarian Party of Florida

/s/ CARL A. ANDERSON

Carl A. Anderson
Rock Spring Law Group, PLLC
1050 30th Street, NW
Washington, DC 20007
Tel: (202) 258-2776
caa@rockspringlaw.com

*Counsel for Amicus Curiae*

# I. INTRODUCTION

The Libertarian Party of Florida ("LPF") pursuant to Rule 27 subsection 4 of the Federal Rules of Appellate Procedure asks this Court to grant its motion for leave to file the amicus brief in this matter ("motion for leave") and to deny the request in Appellee Ron Turner's Response in opposition to not grant the motion for leave. The LPF is an interested party committed to a society built on the pillars of individual liberty and equality under the law, requiring the fair and efficient conduct of elections that respect the voting rights and civil rights of the citizens of Florida. The LPF's mission and view on Florida's Closed Primary Laws is unique and has not been represented by or in the Appellant's briefs. The LPF's perspective on this matter is differentiated from that of Appellant in that a political party wishing to associate with voters freely is most certainly different from that of an individual voter. This Court will not be unduly burdened by allowing the LPF to file its amicus brief because no decision has been rendered in this matter.

# II. ARGUMENT

<u>This Court Enjoys Broad Discretion to Decide for Itself Who Its Friends Are and Whether They Contribute to This Court's Understanding of The Matter in Question</u>

This Court enjoys "broad discretion to grant or deny leave to amici under Rule 29." *See*, *e.g.*, *In re Halo Wireless, Inc.*, [684 F.3d 581](684 F.3d 581), 596 (5th Cir. 2012) ("'Whether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace'", quoting, *Nat'l Org. for Women,*

*Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000); *Lefebure v. D'Aquilla*, 15 F. 4th 670, 673 (5th Cir. 2021").

"[C]ourts should welcome amicus briefs for one simple reason: '[I]t is for the honor of a court of justice to avoid error in their judgements.' *Lefebure,* 15 F. 4th at 673 (*quoting The Protector v. Geering*, 145 Eng. Rep. 394 (K.B. 1686)). As Judge Higginbotham wrote in his *American College of Obstetricians* dissent, "even in a court as learned as ours, we might be able to avoid some unnecessary catastrophes if we have the will and the patience to listen." *American College of Obstetricians v. Thornburgh*, 699 F.2d 644, 647 (3rd Cir. 1983) (quoting *Lefebure,* 15 F. 4th at 673). "Judge Alito put it this way: '"[A]n amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend."' *Lefebure*, 15 F. 4th at 675, *citing Neonatology Asso., v. C.I.R*, 293 F.3d 128, 131 (3d Cir. 2002).

An amicus or "friend of the court" has an interest in helping this Court protect liberty from arbitrary exercise of government power. *Georgia Aquarium v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015) (citing *In re Bayshore Ford Trucks Sales, Inc.,* 471 F.3d 1233, 1249 n.34 (11th Cir. 2006)). Courts typically grant amicus status when parties "contribute to the court's understanding of the matter in question" by proffering timely and useful information. *Id. at* 1289. (internal citations omitted).

## The LPF's Motion for Leave Is Properly Plead Under FRAP Rule 29(a)(3)

The LPF has gone to significant lengths in its motion for leave in this matter to meet the requirements under Fed. R. of App. P. 29(a)(3) stating that the LPF has "sufficient interest" in the case, and its brief is "desirable" and discusses matters that are "relevant to the disposition of the case." *Neonatology Associates, P.A. v. C.I.R*, [293 F.3d 128](293 F.3d 128) n. 1 (3d Cir. 2002) (single judge opinion). "For all these reasons, I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." *Id.* at n.20 (*quoting* Judge Alito).

## FRAP Rule 29 Does Not Provide a Time Limit "For Later Filing"

The LPF filed its motion as required by Fed. R. of App. P. 29(a). Subsection 6 of Rule 29(a), allows … [ ] for later filing … *Id*. Subsection 6 does not provide a time limitation by when an amicus must file its motion of leave indicating only "for later filing" other than the 7 day requirement after the Appellant's brief. *Id*. Even if this Court did require (which it does not) an amicus to provide an excuse regarding the timeliness of the submission of the motion for leave, the motion for leave did include a sufficient reasoning which the Appellee Turner references in his response. In this case, the LPF needed several months to review the case file at the district and appellate level, determine whether LPF had significant information to contribute to this Court's understanding and find proper counsel at the same time. The LPF does

not apologize to Appellee Turner for taking the time to get this right and preparing the appropriate brief to fulfill its duty as a friend to this court.

## Appellees Are Not Prejudiced by This Court Having an Amicus

Oral argument in this matter has not been scheduled and the case is still pending and undecided. Due to the current posture of the matter, accepting and including the LPF's amicus brief would not cause undue burden to this Court. Appellees also benefit from a well-informed court. Appellee Turner has failed to articulate any actual "prejudice" by the delay in LPF's motion for leave. On the other hand, Appellee Turner has several prospective opportunities to respond to arguments including his response to the motion for leave under Rule 27, again if this Court grants the motion for leave under Rule 29, during oral arguments and to future motions again under Rule 27. It seems premature without evidence provided by Appellee Turner to conclude that he is automatically prejudiced by this Court granting the motion for leave.

## Without granting the motion for leave, newer political parties like the LPF could "be harmed or burdened by a timely [f]iling requirement or rule"

Appellee Supervisor of Elections Ron Turner is elected on a partisan basis and Appellee Secretary of State Cord Byrd is appointed by a partisan officeholder of the same political party. Therefore, the appellees represent the interests of their political party that has existed since Reconstruction more than 120 years before the existence

of the LPF. Without granting the motion for leave to file the amicus brief that supports this Court setting aside the legal protections conferred by state law on Appellee Turner's political party's monopoly on political expression, newer parties such as the LPF could "be harmed or burdened by a timely [f]iling requirement or rule" as Appellee Turner wants. Unlike Appellee Ron Turner the partisan officeholder, Appellee Cord Byrd has not opposed the LPF's motion for leave which could lead a reasonable person to conclude that the Appellee Turner opposition supports the claim by the Appellant that the whole party primary process in which Appellee Turner is elected under has broken vitally important and constitutionally protected democratic principles guaranteed under the United States and Florida constitutions. The fact is there is a monopoly on political power that controls most government either through the electoral process or the appointive process. A newer political party should have a presumption to be heard in amicus briefs to balance out the partisan perspective of legacy political parties which have an easier time getting their views known.

### The Only Cognizable Argument in Appellee Turner's Response Is the LPF Does Not "Contribute to The Court's Understanding of The Matter in Question"

Having previously discussed that the issue of "timeliness" is not a standard for review under the Fed. R. of App. P. 29 which provides for "later filing" at the discretion of this Court, Appellee Turner forces a final misplaced interpretation of the LPF's motion for leave with its proposed amicus brief attached as not addressing

6

the issues on appeal namely the lower court's dismissal for lack of standing and failure to state a claim. The LPF's proposed amicus brief discusses at length the Appellant's well pled claims that demanded further review under the court's "strict scrutiny" standard in opposition to the District Court's dismissal instead. As discussed above, the Court is in the best position to determine if the amicus brief "contributes to the Court's understanding." Specifically, the brief discusses "*cumulative* undue burdens imposed by the *overall* scheme of electoral regulations upon the rights of voters and parties to associate through primary election" and "chilling effect" caused by Florida's Closed Primary laws which the district court erred as a matter of law by not considering when it stated:

> LPF asserts that Appellant's position follows both the United States and Florida's Constitutions. The district court erred when it held that Appellant lacked standing as a municipal taxpayer and voter and failed to state a claim on which relief could be granted. The Appellant claimed that the prohibition against him from voting in closed primaries because he is a "No Party Affiliated" voter is invidiously discriminatory. (*LPF Motion for Leave to file the amicus brief*)

The LPF does not approach the voter rights issue from the same perspective as the Appellant, because the amicus brief does not only focus on how an individual, such as Appellant, is affected by Florida law, but rather, emphasizes how newer political parties are unconstitutionally disenfranchised from their First Amendment rights, which is a perspective not addressed or explored in detail if at all in

7

Appellant's briefs. The LPF also discusses the lack of a state interest of overriding importance to justify maintaining such a discriminatory closed primary scheme.

The LPF does not allege that the Appellant has not been competently represented, rather, the LPF asserts that its amicus brief is novel and deserves this Court's consideration.

### III. Conclusion

The LPF's perspective is unique, and the issues raised in its amicus brief are not elsewhere addressed by either the parties, and because this Court has broad discretion to accept amici briefs while the cause is still pending, as this one is, this Court should permit the LPF to file.

WHEREFORE, based on the foregoing, the Libertarian Party of Florida respectfully requests that this Court grants the Motion for Leave to File a Brief of Amicus Curiae and for any other relief this Court finds equitable.

Respectfully submitted,

Libertarian Party of Florida

/s/ CARL A. ANDERSON

Carl A. Anderson
Rock Spring Law Group, PLLC
1050 30th Street, NW
Washington, DC 20007
Tel: (202) 258-2776
caa@rockspringlaw.com

*Counsel for Amicus Curiae*

**CERTIFICATE OF COMPLIANCE
WITH TYPE-VOLUME LIMITATIONS**

  I hereby certify that this motion complies with the type-volume limitations of Fed. R. App. P. 32(g)(1) and 27(d)(2)(A) because this motion contains 1,709 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f), as counted by Microsoft® Word 2016, the word processing software used to prepare this brief. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft® Word 2016, Times New Roman, 14 point.

# CERTIFICATE OF SERVICE

I certify that on July 18, 2023, I electronically filed the foregoing REPLY TO APPELLEE, RON TURNER'S, RESPONSE IN OPPOSITION TO LIBERTARIAN PARTY OF FLORIDA'S MOTION FOR LEAVE TO FILE A BRIEF OF AMICUS CURIAE with the Clerk of the Court using the CM/ECF system, which I understand will automatically send an email notification of such filing to the counsel of record for this matter.

*/s/ CARL A. ANDERSON*
Counsel for amici curiae
