No. 22-14031-JJ

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

MICHAEL J. POLELLE

*Plaintiff-Appellant*

V.

CORD BYRD, solely in his official capacity as Florida Secretary of State

and

RON TURNER, solely in his official capacity as Supervisor of Elections for Sarasota County, Florida

*Defendants-Appellees*

Appeal from the United States District Court for the Middle District of Florida

No. 8:22-CV-1301-SDM-AAS

---

### APPELLANT MICHAEL J. POLELLE'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON THE ISSUE OF TRADITIONAL STANDING

---

Michael J. Polelle

Pro Se

1102 Ben Franklin Drive, Unit 511

Sarasota, Florida 34236

Telephone: (941) 388-1840

Email: mpolel2@uic.edu

## **APPELLANT POLELLE'S DISCLOSURE OF INTERESTED PERSONS**

Plaintiff-Appellant, MICHAEL J. POLELLE, in his capacity as an individual plaintiff pro se, not a corporation under the filing requirements of FRAP 26.1, and pursuant to 11th Cir. R. 28 -1(b) and its requirement of Certificate of Interested Persons, states that the particular judges, attorneys, persons, association of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to party are as follows:

1. Anderson, Carl A., Esq.

2. Bentley Goodrich Kison, P.A.

3. Bentley, Morgan, Esq.

4. Byrd, Cord, Secretary of State

5. Chappell, David, Esq.

6. Coalition with a Purpose Party

7. Davis, Ashley, Esq.

8. Florida Department of State



U.S. COURT OF APPEALS RECEIVED CLERK MAR 1 5 2024 ATLANTA, GA

1

9. Gaillard, Ashley, Esq.

10. Libertarian Party of Florida

11. Merryday, Hon., Steven D.

12.  McVay, Brad, Esq.

13. Ortiz, J. Damian, Esq

14. Polelle, Michael J.

15. Sarasota County Supervisor of Elections Office

16 Turner, Ron, Sarasota County Supervisor of Elections

17. Voters registered in Florida with "No Party Affiliation"

18. Wallace, David, Esq.

No publicly traded company or corporation has an interest in the outcome of this appeal.

# MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON THE ISSUE OF TRADITIONAL STANDING

Appellant, Michael J. Polelle, hereinafter Polelle, has in both his Opening and Reply Briefs urged two grounds of his standing in this Court: municipal-taxpayer standing and what this Court has called "traditional" standing .

*Pelphrey v. Cobb Cnty., Ga.,* 547 F. 2d 1263, 1279 (11th Cir.2008) ("The taxpayers have both traditional and taxpayer standing to challenge the constitutionality of the prayer practice of the Planning Commission. The issue of standing is a 'threshold one' that we review *de novo.* (Citation omitted). The three elements of standing --- injury, traceability, and redressability are well-settled.").

Pursuant to Section 27 of the Federal Rules of Appellate Procedure, the Plaintiff-Appellant, Michael J. Polelle, (hereinafter "Polelle"), pro se, respectfully requests leave of this Court to supplement the record solely on the issue of traditional standing in accordance with the inherent equitable power of this Court and in support thereof alleges:

1. This Court has stated that it has "the inherent equitable power to allow supplementation of the appellate record if it is in the interests of justice. This is a matter left to our discretion. We decide on a case-by-case basis whether a particular appellate record should be supplemented." *CSX Transp., Inc. v. City of*

*City Garden*, 235 F.3d 1325, 1330 (11th Cir. 2000) (cited 11th circuit cases omitted).

2. Pursuant to 26 U.S.C. § 1746, Polelle submits an attached *Unsworn Declaration Under Penalty of Perjury*, which having the same force and effect as a notarized affidavit, sets out the refusal of Sarasota election officials to permit him vote on March 9, 2024, the first day of early voting in the 2024 Presidential Preference Primary because of his status as a voter registered with "No Party Affiliation" (NPA). Polelle requests that the details of that refusal, as set out in this attached Declaration of Perjury be made supplemental to the current record on appeal before this Court.

3. The Appellee-Defendants, Cord Byrd, Florida Secretary of State, and Ron Turner, Supervisor of Elections for Sarasota County, Florida, (hereinafter "Defendants") have contested the traditional standing urged by Polelle by arguing that Polelle has merely an insufficient " desire" to vote in a political primary that does not amount to an "injury" under the test of traditional standing. (*See e.g.*, Deft. Byrd's Br. at 8 and Deft. Turner's Br. At 19.). Paradoxically, Defendants suggest that an "injury-in-fact" under the traditional test of standing must amount to an active interference with the right to vote and not a passive but complete deprivation of the right to vote, at least as applies to the class of voters registered in Florida with "No Party Affiliation."

4

4. On the contrary, Eleventh Circuit precedent allows standing in First Amendment cases, even where an injury-in-fact has not occurred but the plaintiff is nevertheless "imminently threatened with a concrete and particularized injury." *Wollschlaeger v. Governor, State of Florida*, 848 F.3d 1293, 1303-04 (11th Cir. 2017) (en banc). Every political primary from which Polelle is repeatedly excluded under the Florida closed-primary system is a concrete and particularized injury under the First Amendment and Equal Protection Clause. The current critical Presidential Preference Primary of 2024 threatened him with the prospect of again being denied his fundamental right to vote under the Constitution because of his nonparty political beliefs.

5. Even though Polelle alleges his Opening Brief and Reply Brief, including the Reply Brief Addendum show that he has voted in nonpartisan primaries in which he was allowed to vote, and even though he alleges the record as it exists sufficiently indicates he has satisfied the traditional test of standing, he requests this Court to supplement the record with his actual attempt to vote in the 2024 Presidential Preference Primary, as set out below in the *Unsworn Declaration under Penalty of Perjury*. He requests this because, although not necessary to establish his adequate standing under the traditional test, the *Declaration* establishes beyond cavil that Polelle was predictably injured under the traditional test when he actually tried to vote in a political primary and was rejected because

5

of his nonparty political convictions, even though the law of standing did not require Polelle to engage in this exercise of electoral futility by showing up in person and going through the charade of trying to vote in a political primary.

6. The elimination of any doubt on an issue was an important factor for this Court in granting a motion to supplement the record. *CSX v. Transp., Inc. v. City of City Gardens,* 235 F.3d 1325, 1330(11th Cir.2000) ("A primary factor which we consider in deciding a motion to supplement the record is whether acceptance of the proffered material into the record would establish beyond any doubt the proper resolution of the pending issues (citation omitted.)." Even where this Court was not convinced the supplementation would be dispositive of any of the issues, it still allowed the record to be supplemented in part due to the importance of determining subject matter jurisdiction. . *Calbalceta v. Standard Fruit Company*, 883 F.2d 1553, 1555 (11th Cir. 1989).

7. Polelle contends that if a politically unaffiliated Florida voter who shows up in person to vote in a partisan primary and is predictably denied the right to vote in that primary lacks traditional standing due to an absence of "injury-in-fact," then no Florida voter registered with "No Party Affiliation" would ever have standing to claim a violation of the fundamental right of an American citizen to vote in a primary election, even one that involves the highest office of the federal government.

6

Based on the foregoing, and the attached Declaration under Penalty of Perjury, Michael J. Polelle, Plaintiff-Appellant, respectfully requests this Court to grant the Motion to Supplement the Record of this case now pending decision before this Court.

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface and typestyle requirements of FRAP 27 and FRAP 32

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

## PURSUANT TO 26 U. S. C. § 17461.

1.   I, Michael J. Polelle, declare that I am the Appellant Plaintiff pro se in *Michael J. Polelle v. Cord Byrd, et al.,* No. 22-14031-JJ, now awaiting decision by the Federal Court of Appeals for the Eleventh Circuit.

2.   March 9, 2024 was the first day of early voting for the 2024 Presidential Preference Primary in Sarasota County, Florida, where I am registered to vote as a voter with no party affiliation (NPA) and have been registered as such for the duration of my residence in Sarasota, County.

3.   On that date I presented myself, on or about 10:00 a.m., before the duly appointed election officials administering this primary at 2201 Adams Lane, City of Sarasota, in Sarasota County, and requested permission to vote in the 2024 Presidential Preference Primary.

8

4.  Pursuant to the law of the State of Florida, the election officials refused to issue a ballot to me for the reason that under Florida's closed primary system I was not allowed to vote in political primaries because I registered to vote as politically unaffiliated with a party, even though I claimed I had a right to vote in such primaries under the Constitution of the United States.

5.  I recognized Ron Turner, Supervisor of Elections for Sarasota County, an Appellee-Defendant in *Michael J. Polelle v. Cord Byrd et al.,* No. 22-14031-JJ, as one of the officials present at the time of my request.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Michael J. Polelle*
--------------------------
Michael J. Polelle
Executed: March 10, 20249

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF SERVICE

*(Use this form only if service is being made other than through the Court's electronic-filing system.)*

**Michael J. Polelle** vs. **Cord Byrd et al.**    Appeal No. **22-14031-JJ**

FRAP 25(b) through (d) require that at or before the time of filing a paper, a party must serve a copy on the other parties to the appeal or review. Unless the document is being served through the Court's electronic-filing system, the person making service must certify that the other parties have been served, indicating the date and manner of service, the names of the persons served, and their addresses. **You may use this form to fulfill this requirement.**
*Please type or print legibly.*

I hereby certify that on (date) **March 11, 2024** a true and correct copy of the foregoing (title of filing) **Motion to Supplement Record** has been (check one):

- ☒ sent by mail, postage prepaid

- ☐ deposited in the prison's internal mailing system with first-class postage prepaid

- ☐ sent by electronic means with the consent of the person being served

- ☐ other (specify manner of service) _____

and properly addressed to the persons whose names and addresses are listed below:

1. Ashley E. Davis, Deputy General Counsel, Florida Dept. of State, 550 S. Bronough, Suite 100,. Tallahassee FL 32399-0250

2. Bradley R. McVay, Esq., Florida Dept. of State, 500 S. Bronough Street, Tallahassee FL, 32399

3. Ashley Elizabeth Gaillard, Esq., Bentley Goodrich Kison, 783 S. Orange Ave., Suite,. 300, Sarasota FL 34236

4. David A. Wallace Bentley, Esq. BENTLEY Goodrich Kison, 783 S. Orange Ave., Suite 300, Sarasota FL. 34236

**Michael J. Polelle**
Your Name (please print)

*[signature]*
Your Signature

Rev.: 12/20

PRESS FIRMLY TO SEAL   PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

 UNITED STATES POSTAL SERVICE

**PRIORITY® MAIL**

Retail

**P** US POSTAGE PAID
$9.85
Origin: 34230
03/11/24
1184300300-13

PRIORITY MAIL®

0 Lb 3.40 Oz
RDC 03

EXPECTED DELIVERY DAY: 03/13/24

C007

SHIP TO:
56 FORSYTH ST NW
ATLANTA GA 30303-2218



USPS TRACKING® #


9505 5144 0354 4071 1310 82

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

FROM:
POLELLE
1102 Ben Franklin Drive
Unit 511
Sarasota, Florida 34236

CLEARED SECURITY

MAR 1 5 2024

U.S. MARSHALS SERVICE
ATLANTA, GA

TO:
DAVID J. SMITH
CLERK OF COURT
U.S. COURT OF APPEALS FOR THE
11TH CIRCUIT
56 FORSYTH STREET, N.W.
ATLANTA, GA 30303

