No. 22-14031-DD

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

MICHAEL J. POLELLE,
*Plaintiff-Appellant*,

v.

CORD BYRD, solely in his official capacity as
Florida Secretary of State,

And

RON TURNER, solely in his official capacity as
Supervisor of Elections for Sarasota County,
*Defendants-Appellees*.

Appeal from the United States District Court for the Middle District of Florida

No. 8:22-CV-1301-SDM-AAS

**APPELLEE RON TURNER'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON THE ISSUE OF TRADITIONAL STANDING**

David A. Wallace, Esq.
Florida Bar No. 0608386
Ashley E. Gaillard, Esq.
Florida Bar No. 1019208
Bentley Goodrich Kison P.A.
783 South Orange Avenue, Third Floor
Sarasota, FL 34236
Telephone (941) 556-9030
Attorneys for Appellee Ron Turner

# **APPELLEE SUPERVISOR OF ELECTIONS RON TURNER'S FRAP 26.1 DISCLOSURES**

Defendant-Appellee RON TURNER in his official capacity as Supervisor of Elections for Sarasota County (hereafter, "Supervisor"), by and through undersigned Counsel, pursuant to Federal Rule of Civil Procedure 26.1(a), states as follows:

I. The particular Judges, Attorneys, Persons, Associations of Persons, Firms, Partnerships or Corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, and any publicly held corporation that owns 10% or more of the party's stock and other identifiable legal entities related to a party are:

1. Bentley Goodrich Kison P.A.

2. Bentley, Morgan, Esq.

3. Byrd, Cord, Secretary of State

4. Chappell, David, Esq.

5. Davis, Ashley, Esq.

6. Florida Department of State

7. Gaillard, Ashley, Esq.

8. Merryday, Hon. Steven D.

9. McVay, Brad, Esq.

10. Polelle, Michael J.

2

11. Sarasota County Supervisor of Elections Office

12. Turner, Ron

13. Wallace, David, Esq.

14. Bradley R. McVay, Esq.

15. David Chappell, Esq.

16. Coalition with a Purpose Party

17. J. Damian Ortiz, Esq.

18. Libertarian Party of Florida

19. Carl A. Anderson, Esq.

II. No publicly traded company or corporation has an interest in the outcome of this appeal.

## APPELLEE RON TURNER'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON THE ISSUE OF TRADITIONAL STANDING

Defendant-Appellee Ron Turner, in his capacity as Supervisor of Elections for Sarasota County ("Appellee" or "Turner") and pursuant to Rule 27 of the Federal Rules of Appellate Procedure, responds to Appellant Michael J. Polelle's Motion for Leave to Supplement the Record on the Issue of Traditional Standing ("Motion for Leave"), and states as follows:

### I.   Summary

Appellant's Motion for Leave should be denied. Appellant's March 10, 2024 unsworn affidavit did not exist at the time of the district court proceedings. Moreover, Appellant's Motion for Leave was filed 11 months after the briefing in this appeal was completed. The Appellant's March 10, 2024 unsworn affidavit describing his recent attempt to vote in the partisan primary election of a political party with which he was not registered has no potential to change the outcome in this case. The Appellant lacks standing because he is not registered with a political party, nor is he a political party with an associational interest at stake. Neither those factors nor the overall outcome are affected in any way by the unsurprising fact that he was not permitted to vote in a recent election due to his lack of registration.

### II.   Argument

1. Appellant's unsworn affidavit is dated March 10, 2024.

4

2. The district court decision on appeal is dated November 3, 2022.

3. The last brief filed in this appeal was filed on April 27, 2023.

4. A primary factor in deciding a motion to supplement the record is "whether acceptance of the proffered material into the record would establish beyond any doubt the proper resolution of the pending issues." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000) (internal citations omitted). Here, the Appellant's proffered unsworn affidavit has no bearing on the proper resolution of the traditional standing issue, or any other issue at bar.

5. As this Court noted in the *CSX* decision, appellate courts rarely exercise their authority to enlarge the appellate record. *Id.* at 1330-31.

6. Unlike in *CSX*, where the proffered material went to the existence or non-existence of insurance, which was pivotal to the district court's resolution of that case, the Appellant's unsworn affidavit adds nothing to the record that would change the district court's dismissal for lack of standing.

7. The district court dismissed the Appellant's complaint finding that under Section 101.021, Florida Statutes, an elector registered without party affiliation may not vote in any partisan primary election. Order, p. 1. Appellant therefore lacked standing because his "associational 'interest' in selecting the candidate of a group to which [he] does not belong[] falls far

short of a constitutional right, if indeed it can even fairly be characterized as an interest." Order, p. 1-2 (*quoting California Democratic Party v. Jones*, 530 U.S. 567, 573 n.5 (2000)).

8.　　The pivotal issues for the district court in relation to traditional standing were (1) the Appellant's failure to register with a political party, and (2) the Appellant's status as an individual plaintiff (rather than a political party with an associational right to expand and limit the persons entitled to vote in its primary). Order, p. 2.

9.　　The district court did not analyze whether the Appellant had in fact attempted to show up at a polling place and vote in a partisan primary, nor would there be any reason to engage in this analysis. Florida law is clear that the Appellant is not permitted to vote in a partisan primary election unless he registers with the political party in question by the applicable deadline.

10.　　The Appellant now seeks to proffer, in an unsworn affidavit, the unsurprising fact that he was turned away at a recent partisan primary election due to his failure to register with the political party in question. That fact makes no material difference to his lack of standing. The facts of Appellant's lack of party affiliation and status as an individual rather than a political party remain unaltered and dispositive based on longstanding United States Supreme Court precedent.

11.　Put simply, the Appellant still has no cognizable associational interest in voting in the partisan primary election of a party with which he is not registered, and therefore no standing. His affidavit describing his recent attempt to vote in the partisan primary election of a party with which he is not registered has no potential to change this outcome. Supplementation of the record is unwarranted under these circumstances.

Based on the foregoing, Appellee Ron Turner respectfully requests this Court deny the Motion for Leave to Supplement the Record on the Issue of Traditional Standing.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through the Court's CM/ECF system, served via electronic service on participants in the case registered as CM/ECF users, and served via U.S. Mail, postage prepaid, on Michael J. Polelle, 1102 Ben Franklin Drive, Unit 511, Sarasota, FL 34236, on this 19 day of March, 2024.

DAVID A. WALLACE, ESQ.
Florida Bar No. 0608386
dwallace@bgk.law
ASHLEY E. GAILLARD, ESQ.
Florida Bar No. 1019208
agaillard@bgk.law
783 South Orange Ave., Suite 300
Sarasota, Florida 34236
Telephone: (941) 556-9030
Attorneys for Appellee, Ron Turner

## **CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

Dated: March 18, 2024

DAVID A. WALLACE, ESQ.
Florida Bar No. 0608386

dwallace@bgk.law
ASHLEY E. GAILLARD, ESQ.
Florida Bar No. 1019208
agaillard@bgk.law
783 South Orange Ave., Suite 300
Sarasota, Florida 34236
Telephone: (941) 556-9030
Attorneys for Appellee, Ron Turner