No.22-14031-W

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

## MICHAEL J. POLELLE

*Plaintiff-Appellant*

V.

CORD BYRD, solely in his official capacity as Florida Secretary of State

and

RON TURNER, solely in his official capacity as Supervisor of Elections for Sarasota County, Florida

*Defendants-Appellees*

---

Appeal from the United States District Court for the Middle District of Florida

No.8:22-CV-1301-SDM-AAS

---

# APPELLANT MICHAEL J. POLELLE'S MOTION FOR LEAVE TO FURTHER SUPPLEMENT THE RECORD ON THE ISSUE OF TRADITIONAL STANDING

---

Michael J. Polelle

Pro Se

1102 Ben Franklin Drive, Unit 511

Sarasota, Florida 34236

Telephone: (941) 388-1840

Email: mpolel2@uic.edu

# **APPELLANT POLELLE'S DISCLOSURE OF INTERESTED PERSONS**

## **AND CORPORATE DISCLOSURE STATEMENT (CIP)**

Plaintiff-Appellant MICHAEL J. POLELLE, in his capacity as an individual plaintiff pro se, not a corporation under the filing requirements of FRAP 26.1, and pursuant to 11th Cir. R. 28 -1(b) and its requirement of Certificate of Interested Persons, states that the particular judges, attorneys, persons, association of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to party are as follows:

1. Anderson, Carl A., Esq.

2. Bentley Goodrich Kison, P.A.

3. Bentley, Morgan, Esq.

4. Byrd, Cord, Secretary of State

5. Chappell, David, Esq.

6. Coalition with a Purpose Party

7. Davis, Ashley, Esq.

8. Florida Department of State

9. Gaillard, Ashley, Esq.

10. Libertarian Party of Florida

11. Merryday, Hon., Steven D.

12. McVay, Brad, Esq.

13. Ortiz, J. Damian, Esq

14. Polelle, Michael J.

15. Sarasota County Supervisor of Elections Office

16 Turner, Ron, Sarasota County Supervisor of Elections

17. Voters registered in Florida with "No Party Affiliation"

18. Wallace, David, Esq.

19. Joseph Van de Bogart, Esq.

No publicly traded company or corporation has an interest in the outcome of this appeal.

# **MOTION FOR LEAVE TO FURTHER SUPPLEMENT THE RECORD ON THE ISSUE OF TRADITIONAL STANDING.**

### *INTRODUCTION*

Appellant, Michael J. Polelle, hereinafter Polelle, the plaintiff pro se, has both in his Opening and Reply Briefs urged two grounds for his standing: municipal-taxpayer standing and what this Court has called "traditional" standing. *Pelphrey v. Cobb Cnty., Ga.,* 347 F.2d 1263, 1279 (11th Cir.2008).

Pursuant to Fed.R.App.P. 12, Polelle has already on March 15, 2024 filed a motion to this Court, awaiting decision, for leave to supplement the record of this case solely on the issue of traditional standing regarding his unsuccessful attempt to vote in the 2024 Florida Presidential Preference Primary on March 9, 2024 because of his political status as one with "No Party Affiliation" (NPA).

Likewise, he again moves this Court to further supplement the record solely on the issue of traditional standing regarding his unsuccessful attempt to vote in the 2024 Florida Primary Election on August 12, 2024 because of his political status as one with "No Party Affiliation" (NPA). He was thereby deprived of voting in the selection process for United States Senator, Tax Collector, and four seats on the Hospital Board, classified as "partisan" elections, even though Polelle is eligible to vote for two School Board elections because they are classified as "nonpartisan."

4

A proposed amendment to the Florida constitution in November 2024 to make school board elections "partisan" would eliminate Polelle's ability to vote even for school board members. Nina Moske, *"Florida's Amendment 1, Explained,* Tampa Bay Times (July 18. Updated July30, 2024), https:// www. tampabay.com/ news/florida-politics/2024/07/18/floridas-amendment-1-explained/

Even though the partisan primary mail ballot included three separate primary elections for three positions (Dists.1, 3& 4) on the Charter Review Board, Polelle's nonpartisan primary mail only listed one of those positions (Dist.1) because the Florida "Universal Primary" exception kicked in for that one position due to the arbitrary and capricious reason that no opposing primary candidate from another party existed and no "write-in" candidate had timely filed for the November 5, general election (Republican partisan mail ballot and nonpartisan mail ballot attached as Addenda A & B at end of this motion).

In support of this additional motion to supplement the record Polelle alleges:

1. Pursuant to 26 U.S. C. § 1746, Polelle submits an *Unsworn Declaration under Penalty of Perjury* on p.11 of this motion, which having the same "force and effect" as a notarized affidavit under oath according to the statute, sets out the refusal of Sarasota County election officials to permit him to fully vote on August 12, 2024 in the 2024 Florida Primary in all primaries because of his political status

5

as a voter with "No Party Affiliation." Polelle requests that the facts of that refusal, as set out in the attached *Unsworn Declaration under Penalty of Perjury* (p.11 of this motion), be permitted to supplement the record on appeal.

2. This Court has stated it has "the inherent power to allow supplementation of the appellate record if it is in the interests of justice. This is a matter left to our discretion. We decide on a case-by-case basis whether a particular appellate record should be supplemented." *CSX Transp.Inc. v. City of City Garden*, 235 F.3d 1325, 1330 (11th Cir. 2000) (11th Circuit citations omitted). "A primary factor which we consider in deciding a motion to supplement the record is whether acceptance of the proffered material into the record would establish beyond any doubt the proper resolution of the pending issues (11th Circuit citation omitted.)." *id.* at 1330.

3. The Appellee-Defendants, Cord Byrd, Florida Secretary of State, and Ron Turner, Supervisor of Elections for Sarasota County, have asserted Polelle has only a conjectural or hypothetical "desire" to vote in primary elections not sufficient for an "injury" under the tripartite test of traditional standing (*See e.g.* Deft. Byrd's Br.at 8 and Deft. Turner's Brief at 19).

4. On the contrary, ever since he registered in 2011 as a voter of "No Party Affiliation" [Pl.'s Brief 3) and remained so registered to this day, he has voted in

6

those nonpartisan primaries in which he was allowed to vote. *See* Addendum of "Voting History Report" prepared by Defendant Ron Turner, Sarasota County Supervisor of Elections, Pl.'s Brief 24.

5. Even where this Court was not convinced the supplementation would dispose of the issues, it still allowed the record to be supplemented in part due to the importance of determining subject matter jurisdiction. . *Calbalceta v. Standard Fruit Company*, 883 F.2d 1553, 1555 (11th Cir. 1989) "Since the court is considering the existence of subject matter jurisdiction, a consideration of all relevant information is necessary to make an informed and final decision. In the interest on judicial economy, supplementation is necessary for a final disposition of this issue and to avoid remand on all issues.") *id.* at 1555. If the subject matter of diversity jurisdiction in *Calbalceta* necessitated supplementation, Polelle submits that standing, another subset of subject matter jurisdiction, also necessitates supplementation. *Stalley v. Orlando Reg'l Health Care Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (standing considered subject matter jurisdiction).

6. That this motion for further supplementation and the prior motion for supplementation filed on March 15, 2024 were filed after all the briefing on appeal was completed is irrelevant to the issue of supplementation:

> Given that the declarations in question resolve the standing issue and illuminate the mootness issue, and given the length of time that these

7

environmental lawsuits have been pending, we conclude that it is in the interests of justice and efficiency to consider the supplemental declarations. *Quachita Watch League v. Jacobs*, 463 F.3d 163, 1170-71. (11th Cir. 2006).

Polelle, likewise, has no control over the timing of primary elections or the duration of an appeal. He merely acquired, when first available, more evidence of "injury" to refute Defendants' argument that he had only a conjectural and hypothetical "desire" to vote in what are called "partisan" primaries. He did this by actually trying to vote in person in such primaries, even though he knew his attempts to vote in such primaries were futile and not essential to his traditional standing claim. He denies his argument on traditional standing is insufficient even if he had not tried to vote in person, but rather offers the supplementation as additional evidence of standing. Defendants suffered no harm since they were not deprived in any way of their lawfully allowed time to respond to Polelle's motions.

7. Even if an injury for standing purposes has not occurred in a First Amendment case, standing still exists where a plaintiff, such as Polelle, is nevertheless "imminently threatened with a concrete and particularized injury." *Wollschlaeger v. Governor, State of Florida*, 848 F.3d 1293, 1303-04 (11th Cir. 2017) (en banc). "While the threatened future injury cannot be merely hypothetical or conjectural, probabilistic harm is enough." *Arcia v. Florida Secretary of State*, 772 F.3d 1335, 1341 (11th Cir. 2014). A plaintiff's "exposure to illegal conduct in the past is

8

nonetheless " 'evidence bearing on whether there is a real and immediate threat of repeated injury.' " *Houston v. Marod Supermarkets,* 733 F.3d 1323, 1336 (11th Cir. 2013) (citation to U.S. Supreme Court decision omitted).

In this case it is more than "probable" Polelle will vote in primaries from which is now barred because of his past practice in voting in nonpartisan primaries where he was allowed to vote (Paragraph 3, above) and because of his additional but predictably unsuccessful attempts to vote in the 2024 Florida Presidential Preference Primary and the 2024 Florida Primary Elections.

8. In *Arcia v. Florida Secretary of State,* 772 F.3d 1335, 1341(11th Cir. 2014).the plaintiffs, although ultimately allowed to vote in a 2012 Florida primary, had been wrongly identified as non-citizens under a state program to purge non-citizens from election rolls. The mere fact of their misclassification as non-citizens was enough to confer standing. That the 2012 primary was over by the time of litigation did not render the case moot because the election issue was "capable of repetition, yet evading review." *Id.* 1342,

9.. It is clear that Polelle will continue to be barred in future primary elections labelled "partisan," for whatever reason, but yet evade review because of the lengthy duration of the appellate process and the illusory window of opportunity bookended on one side by the ripeness requirement and on the other by the

9

mootness doctrine. It is a near certainty, let alone probability, that he will barred from voting in future primaries unless this Court intervenes.

10. The injury to Polelle is not merely that he has been and will be barred from Florida "partisan" primaries but that in future general elections, including the imminent general election now set for November 5, 2024, when numerous candidates for federal and local offices will be selected by the partisan primary process, his votes in those general elections will be diluted, diminished, and practically nullified because in Sarasota County partisan primaries, from which Polelle is excluded, typically determine the outcome of general elections.

Carrie Seidman, *If voters want a real say in Sarasota County elections, they must pick party wisely* Sarasota Herald-Tribune, May 12, 2024, at 23A ( "[H]istory has shown it is Republican primaries that have determined the outcome of most Sarasota partisan elections since 1968…[Sarasota County] has not voted for a Democratic presidential candidate since Franklin D. Roosevelt."

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface and typestyle requirements of FRAP 27 (d) and FRAP 32.

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY
## PURSUANT TO 26 U.S.C. § 1746

1. I, Michael J. Polelle, declare that I am the Appellant Plaintiff pro se in *Michael J. Polelle v. Cord Byrd, et al., No.22*-14031-W.

2. Early voting for the 2024 Florida Primary Election took place between August 10 and August 18, 2024, with an official election date of August 20, 2024, in Sarasota County, Florida where I have been registered to vote with no party affiliation (NPA) ever since my residency in Sarasota County.

3. On August 12, 2024, I appeared on or about 10 A.M. before the duly appointed election officials at 2201 Adams Lane, City of Sarasota, in Sarasota, County, and requested permission to vote in all primary elections available to members of political parties and not be restricted to a nonpartisan primary ballot.

4. Under the law of the State of Florida, these officials refused to allow me to vote in such primaries because under Florida's closed-primary system I was registered with no party affiliation, even though I claimed I had a constitutional right to vote on an equal basis with members of political parties.

I declare under penalty of perjury that the foregoing is true and correct.

*Michael J. Polelle*
Michael J. Polelle
Executed: August 11, 2024

11

ADDENDUM A

| STYLE S211 | Official Primary Election Ballot<br>August 20, 2024<br>Republican Party<br>Sarasota County, Florida<br><br>Boleta Oficial para la Elección Primaria<br>20 de agosto de 2024<br>Partido Republicano<br>Condado de Sarasota, Florida | Precinct<br>Recinto:<br>211 |
|---|---|---|

- Instructions: To vote, fill in the oval completely (●) next to your choice. Use only a black or blue pen. Do not use a marker or felt tip pen.
- If you make a mistake, ask for a new ballot. Do not cross out or your vote may not count.
- Instrucciones: Para votar, rellene completamente el óvalo (●) ubicado junto a su selección. Utilice solo un bolígrafo de tinta negra o azul. No use un marcador ni un plumón con punta de fieltro.
- Si comete un error, solicite una boleta nueva. No lo tache pues en ese caso es posible que su voto no cuente.

**United States Senator**
Senador de los Estados Unidos
(Vote for 1) \ (Vote por 1)

- ○ John S. Columbus — REP
- ○ Keith Gross — REP
- ○ Rick Scott — REP

**Tax Collector**
Recaudador de Impuestos
(Vote for 1) \ (Vote por 1)

- ○ Charles A. Bear — REP
- ○ Mike Moran — REP

**Charter Review Board**
District 1 (2-Year Term)
Universal Primary Contest
Junta de Revisión del Acta Constitutiva
Distrito 1 (Periodo de 2 años)
Contienda Primaria Universal
(Vote for 1) \ (Vote por 1)

- ○ Nicholas R. Altier — REP
- ○ Bill Van Allen — REP

**Charter Review Board**
District 3
Junta de Revisión del Acta Constitutiva
Distrito 3
(Vote for 1) \ (Vote por 1)

- ○ Jim Coler — REP
- ○ Tom DeSane — REP

**Charter Review Board**
District 4
Junta de Revisión del Acta Constitutiva
Distrito 4
(Vote for 1) \ (Vote por 1)

- ○ George T. Aiton — REP
- ○ Greg "Tex" Bukowski — REP

**Hospital Board**
At Large Seat 1
Junta del Hospital
Escaño 1 en General
(Vote for 1) \ (Vote por 1)

- ○ Sharon Wetzler DePeters — REP
- ○ Tamzin Rosenwasser — REP

**Hospital Board**
At Large Seat 2
Junta del Hospital
Escaño 2 en General
(Vote for 1) \ (Vote por 1)

- ○ Kevin Cooper — REP
- ○ Stephen Guffanti — REP

**Hospital Board**
At Large Seat 3
Junta del Hospital
Escaño 3 en General
(Vote for 1) \ (Vote por 1)

- ○ Pam Beitlich — REP
- ○ Mary Flynn O'Neill — REP

**Hospital Board**
Central District Seat 1
Junta del Hospital
Escaño 1 del Distrito Central
(Vote for 1) \ (Vote por 1)

- ○ Sarah Lodge — REP
- ○ Tanya Parus — REP

**Vote Both Sides of Page / Vote en Ambos Lados de la Página**

**STYLE E211**

Official Primary Election Ballot
August 20, 2024
Nonpartisan
Sarasota County, Florida

Boleta Oficial para la Elección Primaria
20 de agosto de 2024
No partidista
Condado de Sarasota, Florida

*Precinct Recinto: 211*

- Instructions: To vote, fill in the oval completely (●) next to your choice. Use only a black or blue pen. Do not use a marker or felt tip pen.
- If you make a mistake, ask for a new ballot. Do not cross out or your vote may not count.
- Instrucciones: Para votar, rellene completamente el óvalo (●) ubicado junto a su selección. Utilice solo un bolígrafo de tinta negra o azul. No use un marcador ni un plumón con punta de fieltro.
- Si comete un error, solicite una boleta nueva. No lo tache pues en ese caso es posible que su voto no cuente.

**Charter Review Board
District 1 (2-Year Term)
Universal Primary Contest
Junta de Revisión del Acta Constitutiva
Distrito 1 (Periodo de 2 años)
Contienda Primaria Universal**
(Vote for 1) \ (Vote por 1)

○ Nicholas R. Altier         REP
○ Bill Van Allen             REP

**School Board Member
District 2
Miembro de la Junta Escolar
Distrito 2**
(Vote for 1) \ (Vote por 1)

○ Liz Barker
○ Karen Rose

**School Board Member
District 3
Miembro de la Junta Escolar
Distrito 3**
(Vote for 1) \ (Vote por 1)

○ Thomas Babicz
○ Tom Edwards
○ Greg Wood

USCA11 Case: 22-14031    Document: 48    Date Filed: 08/15/2024    Page: 14 of 14

**U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

**CERTIFICATE OF SERVICE**

*(Use this form only if service is being made other than through the Court's electronic-filing system.)*

**Michael J. Polelle** vs. **Cord Byrd et al.** Appeal No. **22-14031-W**

FRAP 25(b) through (d) require that at or before the time of filing a paper, a party must serve a copy on the other parties to the appeal or review. Unless the document is being served through the Court's electronic-filing system, the person making service must certify that the other parties have been served, indicating the date and manner of service, the names of the persons served, and their addresses. **You may use this form to fulfill this requirement.**
*Please type or print legibly.*

I hereby certify that on (date) __August 13, 2024__, a true and correct copy of the foregoing (title of filing) __Motion to Further Supplement Record__ has been (check one):

☒ sent by mail, postage prepaid

☐ deposited in the prison's internal mailing system with first-class postage prepaid

☐ sent by electronic means with the consent of the person being served

☐ other (specify manner of service) _____

and properly addressed to the persons whose names and addresses are listed below:

1. Ashley E. Davis, Esq., Fl. Dept. of State, 550 S. Bronough, Ste.100, Tallahassee Fl. 32399

2. Bradley R. McVay, Esq.,Fl.Dept. of State, 550 S. Bronough, Ste.100, Tallahassee Fl. 32399

3. Joseph Van de Bogart, Esq., 550 S. Bronough, Tallahassee Fl.32399

4. Ashley E. Gaillard, Esq., Bentley Goodrich Kison, 783 S. Orange Ave.,Ste. 300, Sarasota, Fl.34236

5. David A. Wallace, Esq.,Bentley Goodrich Kison, 783 S. Orange Ave., Ste.300, Sarasota Fl. 34236

**Michael J. Polelle**
Your Name (please print)

*/s/ Michael J. Polelle*
Your Signature

Rev.: 12/20