No. 22-14031-DD

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

MICHAEL J. POLELLE,
*Plaintiff-Appellant*,

v.

CORD BYRD, solely in his official capacity as
Florida Secretary of State,

And

RON TURNER, solely in his official capacity as
Supervisor of Elections for Sarasota County,
*Defendants-Appellees*.

Appeal from the United States District Court for the Middle District of Florida

No. 8:22-CV-1301-SDM-AAS

_____

**APPELLEE RON TURNER'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION FOR LEAVE TO FURTHER SUPPLEMENT THE RECORD ON THE ISSUE OF TRADITIONAL STANDING**

_____

David A. Wallace, Esq.
Florida Bar No. 0608386
Ashley E. Gaillard, Esq.
Florida Bar No. 1019208
Bentley Goodrich Kison P.A.
783 South Orange Avenue, Third Floor
Sarasota, FL 34236
Telephone (941) 556-9030
Attorneys for Appellee Ron Turner

# APPELLEE SUPERVISOR OF ELECTIONS RON TURNER'S FRAP 26.1 DISCLOSURES

Defendant-Appellee RON TURNER in his official capacity as Supervisor of Elections for Sarasota County (hereafter, "Supervisor"), by and through undersigned Counsel, pursuant to Federal Rule of Civil Procedure 26.1(a), states as follows:

I. The particular Judges, Attorneys, Persons, Associations of Persons, Firms, Partnerships or Corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, and any publicly held corporation that owns 10% or more of the party's stock and other identifiable legal entities related to a party are:

1. Bentley Goodrich Kison P.A.
2. Bentley, Morgan, Esq.
3. Byrd, Cord, Secretary of State
4. Chappell, David, Esq.
5. Davis, Ashley, Esq.
6. Florida Department of State
7. Gaillard, Ashley, Esq.
8. Merryday, Hon. Steven D.
9. McVay, Brad, Esq.
10. Polelle, Michael J.

11. Sarasota County Supervisor of Elections Office

12. Turner, Ron

13. Wallace, David, Esq.

14. Bradley R. McVay, Esq.

15. David Chappell, Esq.

16. Coalition with a Purpose Party

17. J. Damian Ortiz, Esq.

18. Libertarian Party of Florida

19. Carl A. Anderson, Esq.

II. No publicly traded company or corporation has an interest in the outcome of this appeal.

# APPELLEE RON TURNER'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION FOR LEAVE TO FURTHER SUPPLEMENT THE RECORD ON THE ISSUE OF TRADITIONAL STANDING

Defendant-Appellee Ron Turner, in his capacity as Supervisor of Elections for Sarasota County ("Appellee" or "Turner") and pursuant to Rule 27 of the Federal Rules of Appellate Procedure, responds to Appellant Michael J. Polelle's Motion for Leave to Further Supplement the Record on the Issue of Traditional Standing ("Second Motion for Leave"), and states as follows:

## I.   Summary

Appellant's Second Motion for Leave should be denied.  Both the instant Motion and Appellant's earlier Motion for Leave to Supplement the Record on the Issue of Traditional Standing ("First Motion for Leave") are not true requests to supplement the record, but rather amount to additional briefs. In both Motions Appellant seeks to inject entirely new and irrelevant facts and speculation. Worse, Appellant argues case law and the merits of certain aspects of his appeal again, treating both Motions not as good faith supplements but as additional briefing to which he is not entitled under the Federal Rules of Appellate Procedure.

Appellant's First and Second Motions for Leave each include an unsworn affidavit that did not exist at the time of the district court proceedings. The First Motion for Leave and unsworn affidavit was filed 11 months after the briefing in this appeal was completed. The Second Motion for Leave and unsworn affidavit was

filed 16 months after the filing of the final brief. The unsworn affidavits both describe the Appellant's attempts to vote in partisan primary elections of political parties with which he was not registered. Neither the affidavits nor the unsurprising assertions that the Appellant was not permitted to vote in a party's primary without being registered with the party as required by law has any potential to change the outcome of this case.

## II. Argument

1. Appellant's unsworn affidavit included in the instant Second Motion for Leave is dated August 11, 2024.

2. Appellant's first unsworn affidavit was dated March 10, 2024.

3. The district court decision on appeal is dated November 3, 2022.

4. The last brief filed in this appeal was filed on April 27, 2023.

5. A primary factor in deciding a motion to supplement the record is "whether acceptance of the proffered material into the record would establish beyond any doubt the proper resolution of the pending issues." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000) (internal citations omitted). Here, the Appellant's proffered unsworn affidavit has no bearing on the proper resolution of the traditional standing issue, or any other issue at bar.

6. As this Court noted in the *CSX* decision, appellate courts rarely exercise their authority to enlarge the appellate record. *Id.* at 1330-31.

7. Unlike in *CSX*, where the proffered material went to the existence or non-existence of insurance, which was pivotal to the district court's resolution of that case, the Appellant's unsworn affidavit adds nothing to the record that would change the district court's dismissal for lack of standing.

8. The district court dismissed the Appellant's complaint finding that under Section 101.021, Florida Statutes, an elector registered without party affiliation may not vote in any partisan primary election. Order, p. 1. Appellant therefore lacked standing because his "associational 'interest' in selecting the candidate of a group to which [he] does not belong[] falls far short of a constitutional right, if indeed it can even fairly be characterized as an interest." Order, p. 1-2 (*quoting California Democratic Party v. Jones*, 530 U.S. 567, 573 n.5 (2000)).

9. The pivotal issues for the district court in relation to traditional standing were (1) the Appellant's failure to register with a political party, and (2) the Appellant's status as an individual plaintiff (rather than a political party with an associational right to expand and limit the persons entitled to vote in its primary). Order, p. 2.

10. The district court did not analyze whether the Appellant had in fact attempted to show up at a polling place and vote in a partisan primary, nor would there be any reason to engage in this analysis. Florida law is clear that the Appellant is not permitted to vote in a partisan primary election unless he registers with the political party in question by the applicable deadline.

11. The Appellant now seeks to proffer, in another unsworn affidavit, the unsurprising fact that he was turned away at a recent partisan primary election due to his failure to register with the political party in question. That fact makes no material difference to his lack of standing. The facts of Appellant's lack of party affiliation and status as an individual rather than a political party remain unaltered and dispositive based on longstanding United States Supreme Court precedent.

12. Put simply, the Appellant still has no cognizable associational interest in voting in the partisan primary election of a party with which he is not registered, and therefore no standing. His affidavit describing his recent attempt to vote in the partisan primary election of a party with which he is not registered has no potential to change this outcome.

13. Supplementation of the record is unwarranted under these circumstances. Acceptance of the proffered material into the record would not establish the proper resolution of the pending issues, including standing.

supplementation the Appellant seeks is irrelevant to any issue raised in this appeal.

14. Appellant's speculation regarding a potential amendment to the Florida Constitution proposed for the ballot in November 2024 is wholly irrelevant. That issue was not raised before or considered by the district court and has no bearing on this appeal.

15. Finally, the Appellant's Second Motion for Leave inappropriately includes new argument and analysis of case law relating to the merits of his appeal, *inter alia* on pages eight through ten. The Federal Rules of Appellate Procedure do not provide for additional briefing or argument without leave.

Based on the foregoing, Appellee Ron Turner respectfully requests this Court deny the Motion for Leave to Supplement the Record on the Issue of Traditional Standing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed through the Court's CM/ECF system, served via electronic service on participants in the case registered as CM/ECF users, and served via U.S. Mail, postage prepaid, on Michael J. Polelle, 1102 Ben Franklin Drive, Unit 511, Sarasota, FL 34236, on this 23rd day of August, 2024.

/s/ David A. Wallace

_____
DAVID A. WALLACE, ESQ.
Florida Bar No. 0608386
dwallace@bgk.law
ASHLEY E. GAILLARD, ESQ.
Florida Bar No. 1019208
agaillard@bgk.law
783 South Orange Ave., Suite 300
Sarasota, Florida 34236
Telephone: (941) 556-9030
Attorneys for Appellee, Ron Turner

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

Dated: August 23rd, 2024

**/s/ David A. Wallace**

_____
DAVID A. WALLACE, ESQ.
Florida Bar No. 0608386
dwallace@bgk.law
ASHLEY E. GAILLARD, ESQ.

                                          Florida Bar No. 1019208
                                          agaillard@bgk.law
                                          783 South Orange Ave., Suite 300
                                          Sarasota, Florida 34236
                                          Telephone: (941) 556-9030
                                          Attorneys for Appellee, Ron Turner