No. 22-14031JJ

_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Michael J. Polelle,

*Plaintiff-Appellant*,

v.

Cord Byrd and Ron Turner,

*Defendants-Appellee*.

_____

Appeal from the United States District Court, M.D. Florida, Tampa Division

No. 8:22-cv-1301-SDM-AAS (Steven D. Merryday, J.)

_____

**MOTION FOR RECONSIDERATION OF DENIAL FOR LEAVE TO FILE AMICUS CURIAE BRIEF**


J. Damian Ortiz
*Counsel for amici curiae*
University of Illinois Law School's
Pro Bono Clinic
315 S. Plymouth Court
Chicago, IL 60604
(312) 493-6700
Email: jdortiz@uic.edu

1

## I. Summary

On June 15, 2023, the Coalition With a Purpose Party ("CWAP") submitted a motion for leave to file an amicus curiae brief pursuant to Fed. R. App. P. 29. CWAP is an independent Florida political party with a strong interest in the outcome of this appeal, which concerns the constitutionality of Florida's Closed Primary Statute under the First and Fourteenth Amendments. *See* Exhibit "A". CWAP's proposed amicus brief raised distinct arguments regarding minor political parties' freedom of association rights, which were not addressed in the principal brief filed by the Appellant. The Honorable Judge Luck denied CWAP's motion.

Thus, CWAP now respectfully requests that the full panel reconsider that ruling and accept the amicus brief in light of the Appellant's recent filing for rehearing.

## II. Argument

### A. The Panel Has Authority to Reconsider the Denial Under This Court's Local Rule 27-1(g).

Local Rule 27-1(g) states that "[a] ruling on a motion or other interlocutory order by a single judge may be reviewed by the court." This rule authorizes the full panel to vacate or modify Judge Luck's Order, denying leave to file the amicus brief. In *United States v. Jamison*, 850 F. App'x 696 (11th Cir. 2021), the court reaffirmed that procedural determinations by a single judge are subject to

panel oversight. Though *Jamison* did not involve an amicus filing, it supports the proposition that a panel review of a single judge's ruling is appropriate under the local rule. Thus, CWAP properly files its motion, asking the panel to reconsider and reverse the denial pursuant to Local Rule 27-1(g).

**B. Federal Courts Encourage Amicus Participation When It Provides Distinct Legal Insight.**

CWAP's amicus brief raises a distinct constitutional issue--the effect of the Closed Primary Statute on the associational rights of minor political parties, which is not addressed in Mr. Polelle's individual challenge. Courts have long recognized that amicus briefs should be permitted where they provide relevant perspectives not offered by the parties. *See National Organization for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) ("Whether to permit a nonparty to submit a brief, as amicus curiae is … a matter of judicial grace."). *Id.*

*Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128 (3d Cir. 2002), is instructive here. The court emphasized that an amicus need not be impartial or disinterested and that courts should "err on the side of granting leave" where the brief could assist the panel. *Id,* at 132–34. That rationale applies here; thus, this Court should accept the amicus brief.

**C. The Case Remains Pending, and the Brief Would Not Prejudice the Parties.**

Appellant's petition for rehearing was filed with the clerk of this Court on

3

March 26, 2025. We ask this Court for leave to file the brief instanter under Local Rule 27-1(g) to support Plaintiff-Appellant, or in the alternative to treat the motion for leave to file the amicus brief as one in support of the petition for rehearing under FRAP 29(b)(5).

Appellant's petition for rehearing is pending and undecided. Accepting CWAP's amicus brief now would not prejudice the Appellees or burden the Court and would instead promote a more complete constitutional analysis of the issues before the Court.

**III. Conclusion**

For the foregoing reasons, the Coalition With a Purpose Party respectfully requests that the Court reconsider and reverse the denial of its motion for leave to file the amicus curiae brief and accept the proposed brief instanter for consideration by this Honorable panel and for any other relief this Court deems equitable.

    Respectfully submitted,

    **Coalition With A Purpose Party**

    *s/ J. Damian Ortiz*

J. Damian Ortiz
*Counsel for amici curiae*
University of Illinois Law School's
Pro Bono Clinic
315 S. Plymouth Court
Chicago, IL 60604
(312) 786-9844
Email: jdortiz@uic.edu

# CERTIFICATE OF COMPLIANCE WITH TYPE-STYLE REQUIREMENTS

**Typeface and Type-Style**

This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

Dated: 4/1/2025

# CERTIFICATE OF SERVICE

I certify that on April 1, 2025, I electronically filed the foregoing MOTION FOR RECONSIDERATION OF DENIAL OF LEAVE TO FILE AMICUS CURIAE BRIEF with the Clerk of the Court using the CM/ECF system, which I understand will automatically send an email notification of such filing to all counsel of record for this matter.

*s/ J. Damian Ortiz*
Counsel for amici curiae