IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

MICHAEL J. POLELLE

*Plaintiff-Appellant*

V.

CORD BYRD, solely in his official capacity as Florida Secretary of State

and

RON TURNER, solely in his official capacity as Supervisor of Elections for Sarasota County, Florida

*Defendants-Appellees*

Appeal from the United States District Court for the Middle District of Florida

No. 8:22-CV-1301-SDM-AAS

---

**MOTION TO STAY ISSUANCE OF THE MANDATE**

IN

---

Michael J. Polelle

Pro Se

1102 Ben Franklin Drive, Unit 511

Sarasota, Florida 34236

Telephone: (941) 388-1840

Email: mpolel2@uic.edu

## MOTION TO STAY MANDATE

Pursuant to FRAP 41 and local rule 41-1, the Plaintiff-Appellant, Michael J. Polelle, respectfully moves this Court to stay the mandate in this case, which was issued on May 6, 2025, until the United States Supreme Court rules on his intended Petition for a Writ of Certiorari to that Court, or at least until August 4, 2025, 90 days after the denial of his petition for panel rehearing and the last date for Polelle to file a petition for certiorari with the United States Supreme Court, and in support thereof alleges the following:

A court may stay issuance of its mandate pending the disposition of a petition for a writ of certiorari when the certiorari petition "would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(2)(A).

### Substantial Question

As of October 7, 2024, a little over three million active Florida voters were registered, like Polelle, as not politically affiliated (NPA). Book Closing 107/23, Florida Dept. of State, Div. of Elections. The decision to grant or not grant their right to vote under the First Amendment and Equal Protection Clause of the U.S. Constitution in political primaries has a substantial effect on this growing non-partisan Florida electorate

The concurring opinion of Judge Abudu, joined by Judge Rosenbaum, recognized the substantial constitutional question posed by this case: "While *Nader's* holding is still the applicable legal standard in these types of voter access cases, the electoral landscape is changing such that the First and Fourteenth Amendment implications of *Nader* warrant serious consideration." (Concurring Op. at 80 of 112).

The only opinion of the Supreme Court relating to the issue is a nearly fifty-year-old memorandum decision by that Court with a summary affirmance of a three-judge district court and no opinion. *Nader v. Schaffer,* 417 F. Supp. 837 (D.Conn. 1976), *aff'd* 429 U.S. 989 (mem.). The members of the panel have even disagreed about the precedential value of Nader regarding Polelle's standing to bring his action. "The majority mischaracterizes my objection to its reliance on *Nader*. My point is simple. *Nader* carries little, if any, weight as a precedent on the law of standing." (Tjoflat J., Partial Dissent, Op. at 102 of 112, fn.1).

"We do not endorse the reasoning of the district court when we order summary affirmance of the judgment." *Bush v. Vera*, 517 U.S. 952, 996 (1996)(Kennedy J. concurring). Therefore, this case is most apt for review by the Supreme Court. After almost fifty years, with material changes in the nature of the American electorate, as noted by this Court, and the evolution of First Amendment and Equal Protection law by the Supreme Court, it is only the Supreme Court that can provide contemporary reasoning for whether Polelle is right or wrong.

The Supreme Court has itself said the decision to overrule a prior decision is particularly appropriate where the Court has based its decision on the Constitution because amendments are exceedingly difficult and the country would realistically be "stuck with a bad decision unless we correct our own mistakes." *Dobbs v. Jackson Women's Health Org.*, 597 U. 215, 264 (2022). Polelle suggests that the Eleventh Circuit Court of Appeals should allow the Supreme Court an opportunity to review *Nader* to determine whether it is a "bad decision" or not, and if it is, what the reasoning for that decision is. Our system of jurisprudence requires that law be supported by reasons.

Moreover, the members of the Supreme Court have disagreed about the proper interpretation of the *Anderson-Burdick* test for voting cases and whether it is in fact a "balancing approach," as interpreted by Justice Stevens, writing the majority opinion or a two-tiered test proposed by former Justice Scalia in his concurring opinion in *Crawford v. Marion County Election Bd.* 553 U.S. 181, 191 ( Stevens, J.), 205 (Scalia, J.) Preliminary research on a petition for certiorari has indicated a split in the federal circuit courts of appeals regarding these two approaches.

In short, the fact that this Court in its decision encompassed an Opinion of the Court, a Concurring Opinion, and Partial Dissent indicates there are substantial questions for the Supreme Court to consider.

### Good Cause for a Stay

Good cause exists for a stay of the mandate because Polelle intends to file a writ of certiorari to the Supreme Court regarding the issues in this case and his motion is not for purposes of delay.

U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT (CIP)

MICHAEL J. POLELLE vs. FLORIDA SECRETARY OF STATE et al.   Appeal No. 22-14031

11th Cir. R. 26.1-1(a) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party. *(Please type or print legibly)*:

Bentley Goodrich Kison

Byrd, Cord, Florida Secretary of State

Davis, Ashely E., Esq.

Florida Secretary of State's Office

Gaillard, Ashley E., Esq.

Merryday, Hon., Steven, U.,S., District Judge

Michael J. Polelle, Esq.

Sarasota County Elections Office

Turner, Ron, Sarasota County Supervisor of Elections

Florida Voters registered with "No Party Affiliation"

Wallace, David A., Esq.

Submitted by:
Signature: *Michael J. Polelle*
Name: Michael J. Polelle                Prisoner # (if applicable): _____
Address: 1102 Ben Franklin Drive  Unit 511  Sarasota, Florida 34236
Telephone #: (941) 388-1840

Rev.: 2/23

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

*Check the appropriate box in section 1, and check the box in section 2.*

1. **Type-Volume**

   [x] This document complies with the word limit of FRAP __27(2)(A)__ [insert Rule citation] because, excluding the parts of the document exempted by FRAP 32(f) and _____ [insert applicable Rule citation, if any], this document contains __856__ [state the number of] words.

   **or**

   [ ] This brief complies with the line limit of FRAP _____ [insert Rule citation] because, excluding the parts of the brief exempted by FRAP 32(f) and _____ [insert applicable Rule citation, if any], this brief uses a monospaced typeface and contains _____ [state the number of] lines of text.

2. **Typeface and Type-Style**

   [x] This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

(s) __Michael J. Polelle__

Attorney for __Pro Se Plaintiff-Appellant__

Dated: __May 8, 2025__

Rev.: 12/16

## U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF SERVICE

*(Use this form only if service is being made other than through the Court's electronic-filing system.)*

__Michael J. Polelle__ vs. __Cord Byrd et al.__ Appeal No. __22-14031__

FRAP 25(b) through (d) require that at or before the time of filing a paper, a party must serve a copy on the other parties to the appeal or review. Unless the document is being served through the Court's electronic-filing system, the person making service must certify that the other parties have been served, indicating the date and manner of service, the names of the persons served, and their addresses. **You may use this form to fulfill this requirement.** *Please type or print legibly.*

I hereby certify that on (date) __MAY 9, 2025__, a true and correct copy of the foregoing (title of filing) __Motion to Stay the Mandate__ has been (check one):

- ☒ sent by mail, postage prepaid

- ☐ deposited in the prison's internal mailing system with first-class postage prepaid

- ☐ sent by electronic means with the consent of the person being served

- ☐ other (specify manner of service) _____

and properly addressed to the persons whose names and addresses are listed below:

1. Ashley E. Davis, Deputy General Counsel, Florida Dept. of State, R.A. Gray Bldg., 500 S. Bronough, Suite 100, Tallahassee, FL 32399

2. Ashley E. Gaillard, Esq., Bentley Goodrich Kison, P.A., 783 S. Orange Ave., Third Floor, Sarasota, FL 34236

__Michael J. Polelle__                    __/s/ Michael J. Polelle__
Your Name (please print)                   Your Signature

Rev.: 12/20




Retail

U.S. POSTAGE PAID
PME
SARASOTA, FL 34230
MAY 09, 2025

30303

$31.40

RDC 07

S2324Y502289-09

PRESS FIRMLY TO SEAL
PRESS FIRMLY TO SEAL

PRIORITY MAIL EXPRESS®

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

Schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

MAY 13 2025

U.S. MARSHALS SERVICE
11th Circuit Court of Appeals (COA)

UNITED STATES POSTAL SERVICE®   PRIORITY MAIL EXPRESS®

ER 162 811 182 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)    PHONE (941) 388-1840

MICHAEL J. POLELLE
1102 BEN FRANKLIN DRIVE
UNIT 511
SARASOTA, FL  34236

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.

*waived signature*

TO: (PLEASE PRINT)    PHONE 404 335-6100

OFFICE OF THE CLERK
U.S. COURT OF APPEALS FOR
THE ELEVENTH CIRCUIT
56 FORSYTH STREET, N.W.
ATLANTA, GA  30303

ZIP + 4® (U.S. ADDRESSES ONLY)

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**PAYMENT BY ACCOUNT (if applicable)**
Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 34230 | 5/12/25 | $ 31.40 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time ☐ 6:00 PM | Insurance Fee $ | COD Fee $ |
|---|---|---|---|
| 5/9/25 | | | |

| Time Accepted | ☑ AM ☐ PM | Return Receipt Fee $ | Live Animal Transportation Fee $ |
|---|---|---|---|
| 9:15 | | | |

| Special Handling/Fragile $ | Sunday/Holiday Premium Fee $ | Total Postage & Fees |
|---|---|---|
| | | $ 31.40 |

| Weight lbs. ozs. | ☐ Flat Rate | Acceptance Employee Initials TC | |
|---|---|---|---|

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY)   Time ☐ AM ☐ PM   Employee Signature

Delivery Attempt (MM/DD/YY)   Time ☐ AM ☐ PM   Employee Signature

LABEL 11-B, NOVEMBER 2023   PSN 7690-02-000-9996

← PEEL FROM THIS CORNER

EP13F October 2023
OD: 12 1/2 x 9 1/2
PS10001000006

UNITED STATES POSTAL SERVICE®